Chief Justice Robertson,
delivered the opinion of the court.
A large tract of land estimated at $24,404 and mortgaged by Robert Crocket and wife, to John Hanna, was sold under a decree on the mortgage, rendered by default in 1824, and was purchased by Stephen Hanna, who is reported to have, been the highest bidder at the commissioner’s sale, in 1826, at the sum of sixteen dollars!
This writoferror is prosecutedio reverse thedecree.
Oo « writ of error to verse a decree of foreclosure and sale of ^remfse^no decTsicm’cm the validity be6 T^n b*11 less the purchaser of the piemfses^e a party to the> court. 1D *S
Alter a sale of mortgaged der'Tdeoreé >t is too late to orospeute a writ of error rectin^ irrcg-ularilies in the decree directing the sale.
Note. The above opinion was delivered after a rehearing, Reporter
Cunningham, and Hoggin, for plaintiffs; Mills, and Prozsn■ tor defendant.
' For many gross and manifest irregularities we had reversed the decreo, arid quashed Hie sale; but on re-considcration, we are inclined to think that there is no error in the decree itself, which could affect the .sale of the land. 'The purchaser is not a party to in this court, and therefore, this court ! the record should not, on this writ of error, attempt to decide on the validity or effect of the sale, as (he purchaser has had no opportunity for vindicating his purchase. — ■ As a reversal for irregularity merely in (he decree, wou^ n°t affect the purchaser’s title, and as an affirm-of the decree will not prevent the plaintiff's in error from proceeding to set aside the sale, if sufff-c¡ent cause ever existed for invalidating it, the former opinion must he set aside, and the decree for selling the land must be affirmed.
After a sale, it is too late to prosecute a writ of error, for the purpose of correcting irregularities only jn the decree directing the sale. And this is the Pr'"icipal reason why such irregularities wiilbesufS-cient for reversal before the sale.
-,-v » Dscrec ftfiinncd*